TRACY L. WILKISON
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
NITHYA SENRA (Cal. Bar No. 291803)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-5810
    Facsimile: (213) 894-0115
    E-mail: Nithya.Senra2@usdoj.gov

Attorneys for Petitioner
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-cv-02515 |
|---|---|
| Petitioner, | PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF; AND PROPOSED ORDER |
| v. | |
| JIAJIE CHEN, | |
| Respondent. | |

# PETITION

Petitioner states:

1. This proceeding to judicially enforce an Internal Revenue Service administrative summons is brought pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C.

2. The IRS has properly served Respondent JiaJie Chen, in his capacity as President of DNA Motors Inc., with a summons, and Respondent has failed to appear to produce the requested documents.

3. Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

4. The Internal Revenue Service ("IRS") is, and at all relevant times was, conducting an investigation regarding the federal tax liabilities for the entity DNA Motor Inc. for the years 2018 and 2019. Respondent Jiajie Chen, is the sole shareholder, President and registered agent for service of process of DNA Motor Inc. A true and correct copy of the summons issued to JiaJie Chen in his capacity as President of DNA Motor Inc. is attached as Exhibit 1 to the attached Declaration.

5. In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service. A true and correct copy of the Certificate of Service is attached as Exhibit 2 to the attached Declaration.

6. Respondent has failed to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

7. With the exception of the documents listed in paragraphs 16 and 17 of the attached declaration, the IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

8. All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

9. The books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

10. No recommendation for criminal prosecution of the individual taxpayers (JiaJie Chen and Maggie X. Liang) or the corporate taxpayer (DNA Motor Inc.) has been made by the IRS to the United States Department of Justice. In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

WHEREFORE, Petitioner requests the Court to enforce the IRS administrative summons as follows:

A. Respondent be ordered to appear and show cause before this Court why Respondent should not be compelled to produce the books, records, papers, and other data as specified in the summons;

B. Respondent be ordered by this Court to appear before an authorized representative of the IRS at a time and place to be determined by the IRS and to produce the books, records, papers, and other data as specified in the summons; and

C. The Court grant the Petitioner its costs in this proceeding and such other and further relief as may be just and proper.

Dated: April 14, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

 /s/ Nithya Senra
NITHYA SENRA
Assistant United States Attorney

Attorneys for Petitioner
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Section 7602(a) of the Internal Revenue Code, 26 U.S.C., grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
>
> 1. To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> 2. To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> 3. To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

*See also Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

Internal Revenue Code Sections 7402(b) and 7604 grant authority to United States district courts to issue orders compelling, through their powers of contempt, compliance

with the IRS summonses. *See also United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993). An IRS summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" *United States v. Church of Scientology of California*, 520 F.2d 818, 821 (9th Cir. 1975) (quoting *Donaldson v. United States*, 400 U.S. 517, 525 (1971)).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process. *United States v. Powell*, 379 U.S. 48, 58 (1964). Such an abuse would occur if the summons was issued for an improper purpose, such as, for example, to harass the taxpayer. *Id.*, 379 U.S. at 58; *United States v. Stuart*, 489 U.S. 353, 360 (1989). Accordingly, to obtain enforcement of an IRS summons, the government is required to make a *prima facie* case for enforcement of the summons. *Crystal*, 172 F.3d at 1143-44; *Gilleran*, 992 F.2d at 233.

In order to establish a *prima facie* case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *Crystal*, 172 F.3d at 1143-44, citing *Powell*, 379 U.S. at 57-58. The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Crystal*, 172 F.3d at 1144 (quoting *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the Government has made its *prima facie* case, the summoned party bears the "heavy" burden to "disprove the actual existence of a valid civil tax determination or collection purpose by the Service[.]" *Crystal*, 172 F.3d at 1144.

Normally, the government makes the "good faith" showing of materiality and relevancy required by *Powell* in the petition to enforce the summons and the

accompanying declaration of the issuing IRS agent. *See Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

  As to the required showing of relevance, the Supreme Court stated in *United States v. Arthur Young & Co.,* 465 U.S. 805, 814 (1984):

> As the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf*. Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even <u>potential</u> relevance to an ongoing investigation without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the §7602 summons is critical to the investigation and enforcement functions of the IRS, *see United States v. Powell*, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

(emphasis in original).

  "Once the Government has established its *prima facie* case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." *United States v. Samuels, Kramer and Co.*, 712 F.2d 1342, 1345 (9th Cir. 1983). The burden of proof is shifted to the person challenging the summons to "refute the Government's *Powell* showing of good faith to oppose successfully the enforcement of an IRS summons." *Id*. at 1346; *see also Crystal*, 172 F.3d at 1144. "The taxpayer may challenge and attempt to rebut the *prima facie* case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." *Gilleran*, 992 F.2d at 233; *see also Crystal*, 172 F.2d at

1144. "The taxpayer, however, carries a heavy burden of convincing the district court to deny enforcement." *Stuckey*, 646 F.2d at 1372; *accord Crystal*, 172 F.3d at 1144.

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" *Derr*, 968 F.2d at 945, quoting *Stuart*, 489 U.S. at 369, quoting S. Rep. No. 97 494, 97th Cong. 2d Sess., vol. 1, 285 (1982); *see also, Church of Scientology*, 520 F.2d at 821.[1] "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)) and *Liberty Financial Services*, 778 F.2d at 1392. A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." *Stuckey*, 646 F.2d at 1372. In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." *Stuckey*, 626 F.2d at 1374.

In *Donaldson*, 400 U.S. at 528-29, the Supreme Court noted that Rule 81(a)(3) of the Federal Rules of Civil Procedure allows the Court to limit the application of the federal rules in summons enforcement proceedings. In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books,

---

[1] The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool. Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." Powell, (note 17, supra). In no way does its use extinguish the adversary proceeding which the decisions call for. Rather it is a principle means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

*United States v. Newman*, 441 F.2d 165, 169 (5th Cir.1971).

papers, records, and other data. *See, e.g,. Liberty Financial Services*, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Derr*, 968 F.2d at 945; *accord Crystal*, 172 F.3d at 1144. "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and . . . the district court is strictly limited to enforcing or denying IRS summonses." *Jose*, 131 F.3d at 1328-29.

## II.    CONCLUSION

Accordingly, the filing of the petition to enforce IRS summons and the declaration of the issuing IRS agent establish the government's *prima facie* case for enforcement of the summons. As attested to in the declaration of the IRS agent who issued the summons, the IRS is conducting an investigation to determine the tax liabilities of JiaJie Chen and his wife, Maggie X. Liang and the related corporate entity DNA Motors Inc. (an S-Corporation for 2018 and a C-Corporation for 2019), collect those liabilities, or both, for the tax periods identified in the summons; the information sought by the summons may be relevant to that purpose; the IRS does not already have possession of the information sought; and the administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed. The Court should now issue an order directing Respondent to show cause why the IRS summons should not be enforced.

//
//
//
//
//
//
//
//

If Respondent fails to respond to or rebut the government's *prima facie* case for enforcement, then the Court should issue an order enforcing the IRS summons and compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS, and give testimony and produce the books, records, papers, and other data for examination and copying as required by the Internal Revenue Service summons.

Dated: April 14, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

 /s/ Nithya Senra
NITHYA SENRA
Assistant United States Attorney

Attorneys for Petitioner
UNITED STATES OF AMERICA